IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DON E. BAILEY, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO.: |
| | ) 1:05-cv-3096-CAM |
| BANK OF AMERICA, | ) |
| Defendant. | ) |

**PRELIMINARY REPORT AND DISCOVERY PLAN**

Bank of America hereby files this Preliminary Report and Discovery Plan, pursuant to Rule 6.2 of the Local Rules for the United States District Court for the Northern District of Georgia.

1. **Description of Case:**

   (a)  Describe briefly the nature of this action.

   This case relates to a checking account Plaintiff maintained with Bank of America, whether Bank of America properly debited Plaintiff's account and properly furnished information regarding Plaintiff's negative account balance to a consumer reporting agency, and whether Plaintiff has breached the governing deposit agreement by failing to pay Bank of America the overdrawn balance of his account.

(b)     Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.

Plaintiff maintained a checking account with Bank of America (the "Account"). Bank of America's checking account Deposit Agreement and Disclosures and the Personal Schedule of Fees governed the Account (the "Agreements"). Plaintiff made numerous deposits and withdrawals from the Account. On several occasions, Bank of America declined to pay certain debits presented because the Account contained insufficient funds. At other times, Bank of America paid certain debits presented, although Plaintiff had insufficient funds in the Account. In either circumstance, Bank of America debited Plaintiff's account a fee for insufficient funds and/or the amount of the overdraft. In the normal course of business, Bank of America furnished consumer reporting agencies with information regarding Plaintiff's overdrawn account.

Defendant's issues:

(1)     Whether Bank of America properly debited Plaintiff's checking account for checks and insufficient funds fees;

(2)     Whether Plaintiff failed to submit timely, written notice of his dispute in accordance with the Fair Credit Reporting Act;

(3) Whether Plaintiff's claims are barred by Plaintiff's failure to submit timely, written notice of his dispute in accordance with the Fair Credit Reporting Act;

(4) Whether Plaintiff failed to mitigate his damages by continuing to withdraw funds and write checks on his account when the account contained insufficient funds;

(5) Whether Plaintiff suffered any damages as a result of any act or omission by Bank of America;

(6) Whether Plaintiff's claims are barred by the doctrines of waiver; estoppel, laches, or unclean hands; and

(7) Whether Plaintiff has breached the governing account agreement by failing to pay the overdrawn balance of his account.

(d) The cases listed below (include both style and action number) are:

    (1) Pending Related Cases:  NONE.

    (2) Previously Adjudicated Related Cases:  NONE.

**2. This case is complex because it possesses one (1) or more of the features listed below (please check):**

    ____(1) Unusually large number of parties
    ____(2) Unusually large number of claims or defenses
    ____(3) Factual issues are exceptionally complex
    ____(4) Greater than normal volume of evidence
    ____(5) Extended discovery period is needed

     \_\_\_\_(6)  Problems locating or preserving evidence
     \_\_\_\_(7)  Pending parallel investigations or action by government
     \_\_\_\_(8)  Multiple use of experts
     \_\_\_\_(9)  Need for discovery outside United States boundaries
     \_\_\_\_(10)  Existence of highly technical issues and proof

**3.**   **Counsel:**

The following individually named attorneys or individuals are hereby designated as lead counsel for the parties:

    Plaintiff:    Appearing *pro se*

    Defendant:  Nancy H. Baughan
                    Georgia Bar No. 042575
                    Trishanda L. Treadwell
                    Georgia Bar No. 356896
                    Parker, Hudson, Rainer & Dobbs, LLP
                    1500 Marquis Two Tower
                    285 Peachtree Center Avenue, N.E.
                    Atlanta, Georgia 30303
                    Telephone: (404) 523-5300
                    Facsimile: (404) 522-8409

**4.**   **Jurisdiction:**

Is there any question regarding this Court's jurisdiction?

    \_\_\_\_\_ Yes                  ✓\_\_\_ No

    Plaintiff stated that he might oppose Bank of America's removal to federal court, but Plaintiff did not file a motion to remand within 30 days of the removal. Based on Plaintiff's statements during the preliminary planning conference, Plaintiff may have other unspecified questions regarding this Court's jurisdiction, but Bank of America does not believe any of those questions to be valid concerns.

5.   **Parties to This Action:**

(a)   The following persons are necessary parties who have not been joined:

      NONE.

(b)   The following persons are improperly joined as parties:

      NONE.

(c)   The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

      Bank of America, N.A. is listed incorrectly as "Bank of America."

(d)   The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

6.   **Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15. Further instructions regarding amendments are contained in LR 15.

(a)   List separately any amendments to the pleadings which the parties anticipate will be necessary.

      NONE.

(b)   Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the preliminary planning report is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

7.   **Filing Times for Motions.**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

(a) *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1

(b) *Summary Judgment Motions*: within twenty (20) days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1

(c) *Other Limited Motions*: Refer to Local Rules 7.2A, 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d) *Motions Objecting to Expert Testimony*: Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

**8. Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objections.

    No objections.

**9. Request for Scheduling Conference**

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

    Bank of America does not request a scheduling conference.

**10. Discovery Period.**

The discovery period commences thirty (30) days after the appearance of the Defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this court are assigned to one of the following three (3) discovery tracks: (a) zero (0)-months discovery period, (b) four (4)-months discovery period, and (c) eight (8)-months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

>Four (4)-months discovery period.

Please state below the subjects on which discovery may be needed:

>The merits of Plaintiff's claim and of Defendant's defenses and counterclaim.

If the parties anticipate that additional time beyond that allowed by the assigned discovery period will be needed to complete discovery, please state those reasons in detail below.

>Bank of America does not anticipate needing additional time beyond the four-month assigned discovery period.

**11.   Discovery Limitation:**

What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

>NONE.

**12.   Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rules 16(b) and (c)?

>NONE.

**13.   Settlement Potential:**

(a)   Plaintiff is *pro se* and no preliminary conference or "joint" preliminary report is required pursuant to LR 16.1 and LR 16.2.

(b) All parties were promptly informed of all offers of settlement, and based on preliminary discussions by all counsel, it appears that there is now:

    (_____) A possibility of settlement before discovery.

    (____✓____) A possibility of settlement after discovery.

    (_____) A possibility of settlement, but a conference with the judge is needed.

    (_____) No possibility of settlement.

(c) Counsel (___) do or (_✓_) do not intend to hold additional settlement conferences among themselves prior to the close of discovery.

(d) The following specific problems have created a hindrance to settlement of this case:

    NONE.

**14. Trial by Magistrate Judge.**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a) The parties (___) do consent to having this case tried before a Magistrate Judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____ day of _____, 2007.

(b) The parties (_✓_) do not consent to having this case tried before a Magistrate Judge of this Court.

-8-

Respectfully submitted, this 24th day of January, 2007.

                        Respectfully submitted,

                        PARKER, HUDSON, RAINER & DOBBS LLP

                        By:   /s/ Trishanda L. Treadwell
                              Nancy H. Baughan
                              Georgia Bar No. 042575
                              Trishanda L. Treadwell
                              Georgia Bar No. 356896

1500 Marquis Two Tower
285 Peachtree Center Avenue, N.E.
Atlanta, Georgia 30303
Phone (404) 523-5300
Fax (404) 522-8409
E-mail: ttreadwell@phrd.com       Attorneys for Bank of America

-9-

## CERTIFICATE OF SERVICE

I hereby certify that on January 24, 2007, I have filed electronically **BANK OF AMERICA'S PRELIMINARY REPORT AND DISCOVERY PLAN** with the Clerk of Court using the CM/ECF system. I also hereby certify that I have mailed the document by United States Postal Service to the following non-CM/ECF participants:

>Mr. Don E. Bailey
>2783 Browntown Road, N.W.
>Atlanta, Georgia 30318

This 24th day of January, 2007.

>/s/ Trishanda L. Treadwell
>Trishanda L. Treadwell
>Attorney for Bank of America

483122_1
001204-00463