IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DON E. BAILEY, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO.: |
|  | ) 1:06-cv-3096-CAM |
| BANK OF AMERICA, | ) |
| Defendant. | ) |

## INITIAL DISCLOSURES OF BANK OF AMERICA

Pursuant to Federal Rule of Civil Procedure 26(a)(1) and Local Rule 26.1, Bank of America makes the following initial disclosures.

(1) If the Defendant is improperly identified, state Defendant's correct identification and state whether Defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure report.

**Response:** The Defendant is improperly identified as Bank of America. The correct identification is Bank of America, N.A.. Although Defendant does not believe an amended summons and complaint is necessary, the Defendant would accept service of an amended summons and complaint reflecting this correction.

(2) Provide the names of any parties Defendant contends are necessary parties to this action, but who have not been named by Plaintiff. If Defendant

contends that there is a question of misjoinder of parties, provide the reasons for Defendant's contention.

**Response**: At this time, Defendant does not contend that there are necessary parties to this action who have not been named by Plaintiff. Defendant respectfully reserves the right to supplement this disclosure response.

(3) Provide a detailed factual basis for the defense or defenses and any counterclaims or cross-claims asserted by Defendant in the responsive pleading.

**Response**: Plaintiff maintained a checking account with Bank of America, but wrote several checks and/or made debit card purchases in excess of the funds available. Under the deposit agreement governing this account, Bank of America assessed insufficient funds fees against the account each time the account was overdrawn. Bank of America reported the negative account balance to the consumer reporting agencies. Accordingly, to the extent Plaintiff has suffered any damages as alleged, Bank of America's actions were not the proximate cause of Plaintiff's alleged damages, which were caused, if at all, by the acts of Plaintiff or of a party not within Bank of America's control.

Furthermore, Plaintiff's claims are barred under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., because Plaintiff did not provide timely, written notice of his dispute as required by 15 U.S.C. §§ 1681s-2(6) and 1681(i)(a)(2).

As additional facts are uncovered during discovery in this matter, Defendant respectfully reserves the right to supplement this disclosure.

(4) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendant contends are applicable to this action.

**Response:**

Fair Credit Reporting Act, 15 U.S.C. §1681a (defining furnishers of information);

Fair Credit Reporting Act, 15 U.S.C. §1681s-2(a) (Plaintiff has no standing to bring a civil action against Bank of America for allegedly providing inaccurate information to a consumer reporting agency.);

Fair Credit Reporting Act, 15 U.S.C. §168s-2(b) (Bank of America did not receive timely, written notice of Plaintiff's dispute as required.);

Fair Credit Reporting Act, 15 U.S.C. § 1681(i)(a)(2) (describing what constitutes sufficient written notice);

Fair Credit Reporting Act, 15 U.S.C. §1681o (identifying potential damages);

Donmoyer v. Columbus Bank & Trust Co., 151 Ga. App. 38, 258 S.E.2d 725 (1979) (depositor's duty to minimize damages);

3

O.C.G.A. § 51-12-11; Whelan v. Moore, 242 Ga. App. 795, 531 S.E.2d 727 (2000) (duty to mitigate damages by use of ordinary care and diligence);

Indian River Distribs., Inc. v. Savannah Bus. Sys., Inc., 237 Ga. App. 7, 514 S.E.2d 468 (1999); Jain v. Carload Delivery Serv., Inc., 189 Ga. App. 95, 375 S.E.2d 99 (1988) (governing the doctrine of waiver);

O.C.G.A. §13-3-44; Wright v. Newman, 266 Ga. 519, 467 S.E.2d 533 (1996); Pennington v. Braxley, 224 Ga. App. 344, 480 S.E.2d 357 (1997) (governing the doctrine of estoppel);

O.C.G.A. §23-1-10 (unclean hands may bar Plaintiff from seeking equitable relief); Haddor v. Department of Human Resources, 220 Ga. App. 338, 469 S.E.2d 434 (1996) (considering whether party had opportunity to act sooner);

Federal Deposit Ins. Corp. v. West, 244 Ga. 396, 399, 260 S.E.2d 89, 91 (1979) (stating that the deposit agreement, the signature card, and the checks drawn on an account are the contract documents between a bank and its customer); and

Emmett v. Regions Bank, 238 Ga. App. 455, 459-60, 518 S.E.2d 472, 476 (1999) (looking to terms of deposit agreement to determine the obligations and duties of the customer and the bank).

As additional facts are uncovered during discovery in this matter, Defendant respectfully reserves the right to supplement this disclosure.

* * * * * * *

(5)   Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information.  (Attach witness list to Initial Disclosures as Attachment A.)

**Response**:   See Attachment A.

(6)   Provide the name of any person who may be used at trial to present evidence under rules 702, 703, or 705 of the Federal Rules of Evidence.  For all experts described in Fed. R. Civ. P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule.  (Attach expert witness list and written reports to Initial Disclosures as Attachment B.)

**Response**:   Defendant has not yet identified or retained an expert witness who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.  If Defendant identifies or retains such an expert witness in the future, Defendant will supplement this disclosure response.

(7)   Provide a copy of, or description by category and location of, all documents, data compilations, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)

**Response**:   See Attachment C.

(8)   In the space provided below, provide a computation of any category of damages claimed by you.  In addition, include a copy of, or describe by category

and location, the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under Fed. R. Civ. P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)

**Response:**

    Principal (amount of overdrawn account):    $275.50

    Accrued Interest (July 12, 2006—Jan. 24, 2007):    $ 10.36

    **TOTAL:**[1]    **$285.86**

(9) If Defendant contends that some other person or legal entity is, in whole or in part, liable to the Plaintiff or Defendant in this matter, state the full name, address and telephone number of such person or entity and describe in detail the basis of such liability.

**Response:** At this time, Defendant does not contend that some other person or legal entity is liable to Plaintiff or Defendant. Defendant respectfully reserves the right to supplement this disclosure response.

(10) Attach for inspection and copying as under Fed. R. Civ. P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment. (Attach copy of insurance agreement to initial disclosures as Attachment E.)

**Response:** Defendant is unaware of any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of

---

[1] Defendant respectfully reserves the right to update and supplement this figure as warranted by the accrual of interest over time and/or the identification of additional damages during discovery.

a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment.

          Respectfully submitted,

          **PARKER, HUDSON, RAINER & DOBBS LLP**

          By: /s/Trishanda L. Treadwell
            Nancy H. Baughan
            Georgia Bar No. 042575
            Trishanda L. Treadwell
            Georgia Bar No. 356896

1500 Marquis Two Tower
285 Peachtree Center Avenue, N.E.
Atlanta, Georgia 30303
(404)523-5300 (telephone)
(404)420-5549 (facsimile)
ttreadwell@phrd.com (e-mail)

          Attorneys for Bank of America

## ATTACHMENT A

### Individuals Likely to Have Discoverable Information

Don E. Bailey

> Mr. Bailey is the Plaintiff and may have knowledge regarding the allegations in the Complaint, including the identification of additional individuals likely to have discoverable information.

Records custodian for Bank of America, N.A.

> Bank of America's records custodian should have access to and be able to authenticate all of the records relating to Plaintiff's account that Bank of America maintained in the ordinary course of business, including account statements, assessment of insufficient funds fees, cancelled or returned checks, the Deposit Agreement, Schedule of Fees, and any correspondence from Bank of America to Plaintiff.

*   *   *

As additional facts are uncovered during discovery, Defendant respectfully reserves the right to supplement this disclosure response.

## ATTACHMENT C

### Documents[2]

Defendant identifies the following documents and categories of documents supporting its defenses:

1. Checking account statements for Plaintiff's account.

2. Deposit Agreement and Disclosures.

3. Personal Schedule of Fees

4. Documents related to Plaintiff's checking account with Bank of America, including correspondence between Bank of America and Plaintiff.

In addition to these documents, during the course of discovery Defendant may uncover additional documents. Defendant therefore respectfully reserves the right to supplement this disclosure response as facts and documents are uncovered during discovery in this matter.

---

[2] Bank of America identifies these documents in accordance with Rule 26(a) without waiving and while specifically reserving any privilege or other objection applicable to some or all of the documents.

## ATTACHMENT D

### Computation of Damages

| | |
|---|---|
| Principal (amount of overdrawn account): | $275.50 |
| Accrued Interest (April 14, 2004 – Jan. 24, 2007): | $ 10.36 |
| **TOTAL:**[3] | **$285.86** |

Plaintiff's attached checking account statements clearly show that Plaintiff repeatedly overdrew his checking account and that the account was closed with a negative balance of $275.50.

---

[3] Defendant respectfully reserves the right to update and supplement this figure as warranted by the accrual of interest over time and/or the identification of additional damages during discovery.

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day served a copy of the within and foregoing **INITIAL DISCLOSURES OF BANK OF AMERICA, N.A.** upon all parties to this matter by causing to be depositing in the U.S. Mail, proper postage prepaid, a true copy of same addressed as follows:

>Mr. Don E. Bailey
>2783 Browntown Road, N.W.
>Atlanta, Georgia  30318

This 24th day of January, 2007.

>/s/ Trishanda L. Treadwell
>Trishanda L. Treadwell
>Attorney for Bank of America

479792_1
001204-00012