IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

**DON E. BAILEY,**

**Plaintiff,**

**v.**

**BANK OF AMERICA,**

**Defendant.**

**CIVIL ACTION NO.: 1:06-cv-3096-CAM**

# BRIEF IN SUPPORT OF BANK OF AMERICA'S MOTION FOR SUMMARY JUDGMENT

## Introduction

This Court should grant summary judgment to Bank of America on Plaintiff's claims and Bank of America's counterclaim because the clear and uncontroverted evidence of record fails to support Plaintiff's ambiguous allegations of Fair Credit Reporting Act violations and improper failure to honor checks. The documents and affidavits in the record show that Plaintiff wrote checks in excess of his account balance for which he incurred fees, and Bank of America properly reported the resulting negative balance to consumer reporting agencies. Because there is no genuine dispute of material facts, the Court should grant summary judgment as a matter of law to Bank of America on Plaintiff's

claims and Bank of America's counterclaim for Plaintiff's breach of the deposit agreement.

## Statement of Undisputed and Material Facts

### A. Plaintiff opened a checking account with Bank of America that was governed by certain account agreements.

On or about November 5, 2005, Plaintiff Don E. Bailey ("Plaintiff") opened a checking account with Bank of America, N.A. ("Bank of America"), account number ****6014 (the "Account") (*See* Affidavit of Ruta Karlson ("Bank of America Aff."), filed with Bank of America's Motion for Summary Judgment, at ¶ 5.) Plaintiff agreed to the terms of the governing *Deposit Agreement and Disclosures* ("Deposit Agreement") by opening the Account, signing the Signature Card, and keeping the Account open. (*See* Bank of America Aff. at ¶¶ 5-6 and Exs. A (Signature Card) and B, Deposit Agreement.) The Deposit Agreement states that Bank of America is not required to honor a debit against the Account when insufficient funds are available, but that it may honor such a debit and overdraw the Account, at its option. (Deposit Agreement at p. 12.) In addition, the Deposit Agreement requires Plaintiff to repay Bank of America immediately for the amount overdrawn on the Account. (*Id.*) Finally, the Deposit Agreement also requires Plaintiff to reimburse Bank of America for its costs and legal expenses,

including attorneys' fees, associated with its response to any legal process involving the Account. (*Id.* at 30.)

By opening the Account, signing the Signature Card, and keeping the Account open, Plaintiff also agreed to the terms and conditions of the *Personal Schedule of Fees* ("Schedule of Fees"). (*See* Bank of America Aff. at ¶¶ 5, 8 and Exs. A (Signature Card) and C (Schedule of Fees).) The Schedule of Fees provides that Plaintiff's Account would be debited $19.00 for the first overdraft, $31.00 for the second, third, and fourth overdrafts, and $34.00 for each overdraft after the fourth. (Schedule of Fees at p. 21.)

Pursuant to the Deposit Agreement, each month that Plaintiff kept the Account open, Bank of America mailed Plaintiff's monthly Account Statements and any Account-related correspondence to the mailing address that Plaintiff supplied: 2783 Browntown Road, N.W, Atlanta, Georgia 30318. (*See* Bank of America Aff. at ¶ 10 and Ex. F, Account Statements from November 5, 2005 to August 8, 2006.)

**B. Plaintiff used his Bank of America debit card when he did not have sufficient funds available, which created a negative balance.**

Plaintiff used his Account without event from November 2005 through February 2006. (*See* Account Statements.) However, Plaintiff's failure to maintain his Account properly began on March 14, 2006, when Plaintiff, with

$0.58 in his Account, made two purchases totaling $10.13. (*See* March 2006 Account Statement.) Bank of America paid the check card debits, but Plaintiff also incurred two $31.00 overdraft fees as a result. (*See* Bank of America Aff. at ¶ 12 and March 2006 Account Statement.) Plaintiff failed to deposit funds sufficient to cover the negative balance. (*See id.*) Thus, on July 12, 2006, Bank of America closed the Account with a debt owed to Bank of America in the amount of $275.50. (*See* Bank of America Aff. at ¶ 13 and July 2006 Account Statement.)

**C. Plaintiff never complained to either Bank of America or any consumer reporting agency.**

Bank of America never received any written complaints or disputes directly from Plaintiff. (*See* Bank of America Aff. at ¶ 14.) Bank of America also never received any notices from a consumer reporting agency that Plaintiff had submitted a complaint or dispute about improper reporting and had requested an investigation. (*See* Bank of America Aff. at ¶ 15.)

**D. Plaintiff filed the instant lawsuit despite the uncontroverted evidence of his negative Account balance.**

On or about November 17, 2006, Plaintiff filed the instant Complaint against Bank of America in Fulton County Superior Court. (*See generally* Compl.) Plaintiff's Complaint alleges that Bank of America violated the Fair Credit Reporting Act by falsely reporting to a consumer reporting agency that Plaintiff's

Account was in arrears and by failing to pay creditors when Plaintiff allegedly had sufficient funds in his Account.[1] (*See id.*) Bank of America timely removed the state court action to this Court. On December 19, 2006, Bank of America filed its Answer as well as a counterclaim for the amount of the negative balance on Plaintiff's Account, $275.50, plus accrued interest, and the costs and attorneys' fees incurred in connection with seeking payment of Plaintiff's debt to Bank of America.

## **Standard of Review**

Under Fed. R. Civ. P. 56(c), summary judgment is proper "if the pleadings [and] affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Peppers v.*

[1] Bank of America asks that the Court take judicial notice of Plaintiff's prior, related litigation history. *See Young v. City of Augusta, Ga. Through DeVaney*, 59 F.3d 1160, 1166 n.11 (11th Cir.1995) (taking judicial notice that the district court denied a motion for summary judgment in another action); *Brewer v. United States*, 390 F. Supp. 2d at 1378, 1379 (S.D. Ga. 2005) (taking judicial notice of exhibit to pleading in a prior lawsuit regarding the same underlying facts); *see also Clay v. Equifax, Inc.*, 762 F.2d 952, 956 (11th Cir.1985) (on a motion for summary judgment, court may consider "matters subject to judicial notice"). Plaintiff has maintained at least 21 other lawsuits in the Northern District of Georgia alone, including one against Judge Willis B. Hunt, and two lawsuits, almost identical to the instant action, against Wachovia Bank, National Association. (*See* List of Actions, attached hereto as Exhibit 1, available on PACER at http://ecf.gand.uscourts.gove/cgi-bin/iquery.pl?888482113468669-L_ 64_1-0-82609-pty.) It appears that Plaintiff brought each of these lawsuits *pro se*. Further, the court dismissed 11 of the 20 lawsuits as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). (*See* Dockets from List of Actions, attached hereto as Exhibit 2.) The remaining actions were also either dismissed or summary judgment granted to the defendant. Plaintiff also appealed several of the actions, but the Eleventh Circuit dismissed each of the appeals. (*See id.*)

*Coates*, 887 F.2d 1493 (11th Cir. 1989); *Everett v. Napper*, 833 F.2d 1507, 1510 (11th Cir. 1987); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986). The party moving for summary judgment is entitled to judgment as a matter of law if the nonmoving party fails to show sufficiently an essential element of the case to which the nonmoving party has the burden of proof. *Everett*, 833 F.2d at 1510. The nonmoving party's response must set forth specific facts showing a genuine issue for trial. *See* Fed. R. Civ. P. 56(e). If the party's response consists of nothing more than a repetition of his conclusory allegations, the district court must enter summary judgment in the moving party's favor. *Morris v. Ross*, 663 F.2d 1032, 1034 (11th Cir. 1981).

Here, the undisputed facts of record unequivocally establish that, as a matter of law, Plaintiff cannot recover any damages from Bank of America under any theory of law articulated in Plaintiff's Complaint. Additionally, the undisputed facts of record clearly establish that Plaintiff left a negative Account balance of $275.50, which he still owes to Bank of America. Thus, there is no genuine issue of material fact that would prevent the entry of summary judgment for Bank of America on Plaintiff's claims and Bank of America's counterclaim.

## Argument and Citation of Authority

### A. This Court Should Grant Summary Judgment to Bank of America on Plaintiff's Purported Fair Credit Reporting Act Claim.

It is unclear from the language of the Complaint under what theory Plaintiff intends to assert a claim under the Fair Credit Reporting Act, 15 U.S.C. §§ 1601, *et seq.* (the "FCRA"). In any event, Plaintiff cannot state an FCRA claim, and the evidence does not support Plaintiff's allegations. ***The FCRA does not provide a cause of action by a consumer***, like Plaintiff (*see* 15 U.S.C. § 1681a(c) (defining "consumer")), ***against a furnisher of credit information***, like Bank of America (*see* 15 U.S.C. § 1681s-2(a)(2) (defining "furnisher")), ***simply for providing information that the consumer alleges is inaccurate***. *See* 15 U.S.C. §§ 1681n, 1681o, 1681s, and 1681s-2(a) (only permitting cause of action for provision of inaccurate information when brought by certain federal and state agencies); *Yelder v. Credit Bureau of Montgomery, LLC*, 131 F. Supp. 2d 1275, 1283 (M.D. Ala. 2001) (no private right of action under 1681s-2(a)); *Redhead v. Winston & Winston, P.C.*, No. 01-Civ.-11475 (DLC), 2002 WL 31106934 at *4 (S.D.N.Y. Sept. 20, 2002) (same).

To state an FCRA claim against a furnisher of credit information, a private plaintiff must show that, after receiving proper, written notice of a dispute

regarding reported credit information, a furnisher of information (1) failed to conduct an investigation, (2) failed to review all relevant information, (3) failed to notify consumer reporting agencies if incomplete or inaccurate information was found, or (4) failed to timely report the investigation results if notice was received from consumer reporting agency. *See* 15 U.S.C. § 1681s-2(b). Plaintiff failed to allege in his Complaint any facts that would support an FCRA violation pursuant to Section 1681s-2(b). Additionally, Plaintiff can neither point to nor present any evidence that would demonstrate that Bank of America violated the FCRA.

First, Bank of America *correctly* reported that Plaintiff owes Bank of America a debt. Plaintiff's Account Statements clearly show that Plaintiff had a negative balance on his Account when Bank of America was forced to close the Account. (*See* Bank of America Aff. at ¶¶ 11-13 and Ex. F, March 2006 to August 2006 Account Statements.) Furthermore, the Account Statements clearly show that Plaintiff's negative balance was caused by Plaintiff using his Account check card when he lacked sufficient funds, the consequences of which Plaintiff now seeks to avoid. (*See* March 2006 Account Statement.)

Second, Plaintiff has not established that he submitted any written notice of a dispute regarding allegedly incorrect credit information to any consumer reporting agency or directly to Bank of America. Bank of America never received

from a consumer reporting agency any notice of a dispute regarding furnished credit information concerning Plaintiff's Account. (*See* Bank of America Aff. at ¶ 15.) Furthermore, Bank of America never received any notice of a dispute regarding Plaintiff's credit information from Plaintiff directly. (*See* Bank of America Aff. at ¶ 14.) Plaintiff can offer no evidence that Bank of America received any such notice.

Hence, this Court should deny Plaintiff's woefully inadequate request for relief pursuant to his Complaint and grant Bank of America's motion for summary judgment against Plaintiff's claims because, as a matter of law, Plaintiff cannot establish that Bank of America violated the Fair Credit Reporting Act.

**B. This Court Should Grant Summary Judgment to Bank of America on Plaintiff's Claim That Bank of America Failed to Pay Plaintiff's Creditors.**

For the same reasons that Bank of America's credit reporting regarding Plaintiff's negative Account balance was correct, Bank of America also had every right *not* to pay Plaintiff's creditors and to debit Plaintiff's Account for insufficient funds and overdraft fees. Plaintiff is bound by the terms and conditions set forth in the Deposit Agreement. (Bank of America Aff. at ¶¶ 5-6 and Signature Card and Deposit Agreement.) Pursuant to the Deposit Agreement, Bank of America was not required to honor a check or check card debit when the Account had

insufficient available funds to pay the check. (*See* Deposit Agreement at p. 12.) The Deposit Agreement provided that Bank of America may, at its option, pay a check or check card debit and overdraft Plaintiff's. (*See id.*) In either circumstance, the Schedule of Fees provides that Plaintiff's Account would be debited $19.00 for the first overdraft, $31.00 for the second, third, and fourth overdrafts, and $34.00 for each overdraft after the fourth. (*See* Schedule of Fees at p. 21.)

Looking at Plaintiff's Account Statements, it is evident that, from March 2006 through July 2006, check card debits from withdrawals and automated check card payments posted to the Account (some multiple times). (*See* March 2006 through July 2006 Account Statements.) It is further evident that Plaintiff at no time deposited additional funds into his Account to cover these debits and to resolve his negative balance. (*See* Bank of America Aff. at ¶ 12 and March 2006 through August 2006 Account Statements.) Plaintiff can produce no countervailing evidence. Accordingly, this Court should award summary judgment in favor of Bank of America on Plaintiff's claims of improper refusals to pay checks.

**C. The Court Should Grant Summary Judgment to Bank of America on Its Counterclaim for Breach of the Deposit Agreement Because the Undisputed Facts and Evidence of Record Show that Plaintiff Owes Bank of America for His Negative Account Balance.**

As a matter of law, Bank of America is entitled to recover the amount by which Plaintiff overdrew his Account. Pursuant to the Deposit Agreement that governed Plaintiff's Account, Plaintiff had to deposit sufficient funds to cover any overdrafts and related service charges. (*See* Deposit Agreement at p. 12.) The Deposit Agreement further provided that Plaintiff would owe Bank of America for any debt on his Account. (*See* Deposit Agreement at p. 12.) As of August 2006, when Bank of America closed Plaintiff's Account, Plaintiff's balance was ***negative*** $275.50. Therefore, Bank of America is entitled to payment from Plaintiff of the $275.50, plus any interest that has accrued from the time of Plaintiff's debt.

**D. The Court, Pursuant to the Terms of the Deposit Agreement, Should Award Bank of America Its Reasonable Attorneys' Fees Incurred Collecting Plaintiff's Debt.**

Bank of America is entitled, as a matter of law, to the recovery of its costs of collection of any amounts owed to Bank of America on the Account, including any reasonable attorneys' fees or any other legally recoverable costs. (*See* Deposit Agreement at p. 30.) Bank of America has incurred attorneys' fees as a result of

its efforts to collect the money that Plaintiff owes to Bank of America.[2] (Bank of America Aff. at ¶ 16.) Specifically, Bank of America incurred costs and attorneys' fees from making collection attempts, drafting its counterclaim, and filing for summary judgment on that counterclaim. (*Id.*) Thus, pursuant to the Deposit Agreement, the Court should award Bank of America its costs and reasonable attorneys' fees for its collections efforts, *in addition to* the principal amount of $275.50 from Plaintiff's overdrawn Account, plus any interest that has accrued to date.

**Conclusion**

Because Plaintiff's frivolous claims are unsupported by evidentiary facts and fail as a matter of law, the Court should grant summary judgment to Bank of America on Plaintiff's claims. Moreover, the Court should find that Bank of America is entitled to summary judgment on its counterclaim for Plaintiff's breach of the Deposit Agreement.

2 If the court should grant summary judgment in favor of Bank of America on its counterclaim, Bank of America asks that the court give Bank of America ten (10) days to submit proof of the total amount of costs and attorneys' fee incurred.

Respectfully submitted,

**PARKER, HUDSON, RAINER & DOBBS LLP**

By: /s/ Trishanda L. Treadwell
Nancy H. Baughan
Georgia Bar No. 042575
Trishanda L. Treadwell
Georgia Bar No. 356896

1500 Marquis Two Tower
285 Peachtree Ctr. Ave., NE
Atlanta Georgia 30303
(404) 523-5300
(404) 522-8409 (facsimile)
ttreadwell@phrd.com

Attorneys for Defendant Bank of America

**CERTIFICATE OF SERVICE**

I hereby certify that on April 4, 2007, I have filed electronically **BRIEF IN SUPPORT OF BANK OF AMERICA'S MOTION FOR SUMMARY JUDGMENT** with the Clerk of Court using the CM/ECF system. I also hereby certify that I have mailed the document by United States Postal Service to the following non-CM/ECF participants:

Mr. Don E. Bailey
2783 Browntown Road, N.W.
Atlanta, Georgia 30318

This 4th day of April, 2007.

/s/ Trishanda L. Treadwell
Trishanda L. Treadwell
Attorney for Defendant Bank of America