FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JUL 1 9 2007

JAMES N. HATTEN, Clerk
By: _____
                    Deputy Clerk

DON E. BAILEY,                          :

          Plaintiff,                    :

     v.                                 :     1:06-cv-3096-CAM

BANK OF AMERICA,                        :

          Defendant.                    :

## ORDER

     The above-styled action is before the court on 1)
plaintiff's motion to deny defendant's motion to dismiss
[#11]; 2) defendant's motion for summary judgment [#15]; and
3) plaintiff's motion to deny defendant's motion for summary
judgment [#18].


## FACTS

     On or about November 5, 2005, plaintiff Don E. Bailey
opened a checking account with defendant Bank of America,
N.A., account number ****6014 (the "Account").    (Karlson
Affidavit ¶ 5).    Plaintiff agreed to the terms of the
governing Deposit Agreement and Disclosures ("Deposit
Agreement") by opening the Account, signing the Signature Card
and keeping the Account open.   (Defendant's Exhibit A and B).
The Deposit Agreement states that defendant is not required to
honor a debit against the Account when sufficient funds are
not available but that it may honor such a debit and overdraw

the Account at its option.  (Defendant's Exhibit B, at p. 12).
In addition, the Deposit Agreement requires plaintiff to
immediately repay defendant for the amount overdrawn on the
Account.  (Id.).  Furthermore, the Deposit Agreement requires
plaintiff to reimburse defendant for its costs and legal
expenses, including attorneys' fees, associated with its
response to any legal process involving the Account.  (Id. at
p. 30).

Plaintiff also agreed to the terms and conditions of the
Personal Schedule of Fees ("Schedule of Fees").  (Defendant's
Exhibit C).  The Schedule of Fees provides that plaintiff's
Account would be debited $19.00 for the first overdraft,
$31.00 for the second, third, and fourth overdrafts, and
$34.00 for each overdraft after the fourth.  (Defendant's
Exhibit C, at p. 21).  Pursuant to the Deposit Agreement, each
month that plaintiff kept the Account open, defendant mailed
plaintiff' monthly Account Statements and any Account-related
correspondence to the mailing address that plaintiff supplied.
(Defendant's Exhibit F).

Plaintiff used his Account without event from November
2005 through February 2006.  On March 14, 2006, however,
plaintiff made two purchases totaling $10.13 when there was
only $.58 in his Account.  (March 2006 Account Statement).

2

Defendant paid the check card debits, but plaintiff incurred two overdraft fees as a result. (Id.). Plaintiff failed to deposit funds sufficient to cover the negative balance. On July 12, 2006, defendant closed the Account with a debt owed to defendant in the amount of $275.50.

Defendant never received any written complaint or disputes directly from plaintiff (Defendant's Affidavit, ¶ 14). Defendant also never received any notices from a consumer reporting agency that plaintiff had submitted a complaint or dispute about improper reporting and had requested an investigation. (Id., at ¶ 15).

On or about November 17, 2006, plaintiff filed the instant complaint against defendant in Fulton County Superior Court.[1] Plaintiff's Complaint alleges that defendant violated the Fair Credit Reporting Act by falsely reporting to a consumer reporting agency that plaintiff's Account was in arrears and by failing to pay creditors when plaintiff allegedly had sufficient funds in his Account. Defendant

---

[1]     The court takes judicial notice of the fact that plaintiff has maintained at least 21 other lawsuits in the Northern District of Georgia, including one against Judge Willis B. Hunt, and two lawsuits, almost identical to the instant action, against Wachovia Bank and National Association. The court notes that these lawsuits were dismissed for various reasons, many of them as frivolous pursuant to 28 U.S.C. § 1915.

timely removed the state court action to this court.   On December 19, 2006, defendant filed its Answer as well as a counterclaim for the amount of the negative balance on plaintiff's Account, plus accrued interest, and for the costs and attorneys' fees incurred in connection with seeking payment of plaintiff's debt to defendant.

**LEGAL DISCUSSION**

I.   MOTION TO DENY DISMISSAL.

In this motion plaintiff requests that this court deny defendant's motion to dismiss this case.   The court notes, however, that defendant has not filed a motion to dismiss. Therefore, the court hereby DENIES plaintiff's motion as MOOT.

II.   MOTION FOR SUMMARY JUDGMENT.

Rule 56 of the Federal Rules of Civil Procedure defines the standard for summary judgment:   Courts should grant summary judgment when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).  The party seeking summary judgment bears "the initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of [the record] 'together with the

4

affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Adickes v. S. H. Kress and Co., 398 U.S. 144, 159-60 (1970); United States v. Four Parcels of Real Property, 941 F.2d 1428, 1437-38 (11th Cir. 1991). In determining whether the movant has met its burden, the court views the evidence in the light most favorable to the party opposing the motion. Adickes, 398 U.S. at 158-59. Moreover, "[r]easonable doubts as to the facts should be resolved in favor of the nonmoving party," Borg-Warner Acceptance Corp. v. Davis, 804 F.2d 1580, 1582 (11th Cir. 1986), ". . . and all justifiable inferences are to be drawn in his favor." Everett v. Napper, 833 F.2d 1507, 1510 (11th. Cir. 1987).

However, once the initial burden has been met the "burden shift[s] to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment." Clark v. Coats & Clark, 929 F.2d 604, 608 (11th Cir. 1991). At this point, "the non-moving party [must] go beyond the pleadings and by affidavits of [his or her] own, or by the 'depositions[,] answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Russ v. International

Paper Co., 943 F.2d 589, 592 (5th Cir. 1991) (quoting Celotex, 477 U.S. at 324). Accord, Four Parcels of Real Property, 941 F.2d at 1437-38. Denials or allegations by the non-movant in the form of legal conclusions which are unsupported by any specific facts have no probative value, and thus, are insufficient to create issues of material fact that would preclude summary judgment. Broadway v. City of Montgomery, 530 F.2d 657, 660 (5th Cir. 1976).[2]

Defendant requests that this court grant summary judgment on plaintiff's claims because the clear and uncontroverted evidence of record fails to support plaintiff's allegation of Fair Credit Reporting Act (the "FCRA") violations and improper failure to honor checks. As set forth in detail above, the documents and affidavits in the record show that plaintiff wrote checks in excess of his account balance for which he incurred fees, and defendant properly reported the resulting negative balance to consumer reporting agencies. Other than making conclusory allegations, plaintiff has not disputed these facts.

---

[2]     In Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (en banc), the Court of Appeals for the Eleventh Circuit adopted as precedent all decisions of the former Fifth Circuit decided prior to October 1, 1981.

Plaintiff cannot state an FCRA claim because the FCRA does not provide a cause of action by a consumer, such as plaintiff, against a furnisher of credit information, such as defendant, simply for providing information that the consumer alleges is inaccurate. See 15 U.S.C. § 1681; <u>Yelder v Credit Bureau of Montgomery, LLC</u>, 131 F.Supp.2d 1275, 1283 (M.D.Ala. 2001). To state an FCRA claim against a furnisher of credit information, a private plaintiff must show that, after receiving proper, written notice of a dispute regarding reported credit information, a furnisher of information (1) failed to conduct an investigation, (2) failed to review all relevant information, (3) failed to notify consumer reporting agencies if incomplete or inaccurate information was found, or (4) failed to timely report the investigation results if notice was received from a consumer reporting agency. See 15 U.S.C. § 1681. Plaintiff failed to allege in his Complaint any facts that would support an FCRA violation.

Plaintiff has not alleged that he submitted any written notice of a dispute regarding allegedly incorrect credit information to any consumer reporting agency or directly to defendant. Furthermore, plaintiff has not alleged any facts to dispute that defendant correctly reported that plaintiff owes defendant a debt. Plaintiff's Account Statements clearly

show that plaintiff had a negative balance on his Account when defendant was forced to close the Account (Defendant's Affidavit, ¶¶ 11-13, Exhibit F). In addition, the Account Statements clearly show that plaintiff's negative balance was caused by plaintiff's using his Account check card when he lacked sufficient funds. Pursuant to the Deposit Agreement, defendant was not required to honor a check or check card debit when the Account had insufficient available funds to pay the check. Pursuant to the Schedule of Fees, defendant had the right to debit plaintiff's Account for the resulting overdraft fees. Finally, it is undisputed that plaintiff never deposited additional funds into his Account to cover the debits and to resolve his negative balance. (Defendant's Affidavit, ¶ 12; Exhibit F).

Therefore, the court hereby GRANTS defendant summary judgment on plaintiff's claims.

Defendant also requests that this court grant summary judgment on its counterclaim for plaintiff's breach of the Deposit Agreement. Pursuant to the Deposit Agreement, plaintiff was required to deposit sufficient funds to cover any overdrafts and related service charges. (Deposit Agreement at p. 12). The Deposit Agreement further provides

that plaintiff would owe defendant for any debt on his Account. As of August 2006, when defendant closed plaintiff's Account, plaintiff's balance was negative $275.50. Therefore, defendant is entitled to payment from plaintiff of $275.50, plus any interest that has accrued from the time of plaintiff's debt. Pursuant to the terms of the Deposit Agreement, defendant is further entitled to the recovery of its costs of collection of any amounts owed to defendant on the Account, including any reasonable attorneys' fees or any other legally recoverable costs.

Therefore, the court hereby GRANTS defendant summary judgment on its counterclaim.

III. <u>MOTION TO DENY SUMMARY JUDGMENT MOTION.</u>

In this motion filed in opposition to defendant's summary judgment motion, plaintiff again makes conclusory denials and allegations without any support. Plaintiff also alleges that defendant is deliberately delaying answering his discovery requests by filing a summary judgment motion. In its letter of April 5, 2007, to plaintiff, defendant indicated that it has submitted to this court, as part of its exhibits to its summary judgment motion, most of the information and documents that plaintiff seeks in discovery. Plaintiff has not pointed

out what document or information that plaintiff seeks has been omitted from the record in this case and how such document or information would dispute any material facts in this case. The court does not see any reason for further prolonging this case and thereby accruing additional attorneys' fees and costs.

Therefore, the court hereby DENIES plaintiff's motion.

## CONCLUSION

In sum, the court hereby 1) DENIES as MOOT plaintiff's motion to deny defendant's motion to dismiss [#11]; 2) GRANTS defendant's motion for summary judgment [#15]; and 3) DENIES plaintiff's motion to deny defendant's motion for summary judgment [#18].

Defendant is hereby DIRECTED to submit, within 20 days of the date of this order, proof of the total amount of costs and attorneys' fees incurred.

The Clerk of the Court is hereby DIRECTED to CLOSE this case.

SO ORDERED, this ___19th___ day of July, 2007.


                              _Charles A. Moye_
                              UNITED STATES DISTRICT JUDGE
                              CHARLES A. MOYE, JR.

CAM:S

11